# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICO BAY LLC, SERIES 6629
TUMBLEWEED RIDGE 103 TRUST,
Appellant,
vs.
BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-23CB MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-23B,
Respondent.

No. 63011

**FILED**

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order denying a preliminary injunction in a quiet title action. Eighth Judicial District Court, Clark County; Allan R. Earl, Judge.

Appellant purchased the subject property at Boulder Court Homeowners Association's foreclosure sale, conducted to enforce Boulder Court's delinquent assessment lien. Appellant then filed a quiet title action against respondent and sought a preliminary injunction to prevent respondent's impending foreclosure sale. The district court denied the motion for a preliminary injunction, finding that although "[t]he homeowners association can foreclose its super priority lien either judicially or nonjudicially and this foreclosure can eliminate the lien of a first deed of trust," "the prescribed notice was not provided in this case."

While the district court's interpretation of NRS 116.3116(2) is consistent with this court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), we nevertheless conclude that the district court abused its discretion in denying appellant's request for a preliminary injunction. *State, Dep't of*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37576

*Bus. & Indus., Fin. Insts. Div. v. Nev. Ass'n Servs., Inc.*, 128 Nev. ___, ___, 294 P.3d 1223, 1226 (2012). In particular, the district court denied injunctive relief based on its finding that respondent was not provided with notice of Boulder Court's foreclosure sale. Appellant's complaint alleged that the foreclosure sale was conducted pursuant to NRS Chapter 116, and the record does not reflect that respondent argued that a lack of notice should have precluded preliminary injunctive relief. Accordingly, we conclude that it was improper for the district court to base its denial of injunctive relief on this unaddressed factual issue. We therefore

VACATE the order denying preliminary injunctive relief AND REMAND for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]The injunction imposed by our June 10, 2013, order is vacated.

cc: Hon. Allan R. Earl, District Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk